■ GOLDBERG STILLMAN Co., P. C., Appellant-Respondent, v ARMANDE BARDEY, Respondent-Appellant, et al., Defendants. [717 NYS2d 8] —Order, Supreme Court, New York County (Beatrice Shainswit, J.), entered on or about April 13, 1999, which, in this commercial action, denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment only to the extent of granting summary judgment on her first counterclaim, unanimously modified, on the law, to grant defendant's cross motion to the further extent of dismissing plaintiff's complaint, and otherwise affirmed, without costs. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint as against her.

The subject loan agreement plainly provides that all docu-

ments in support of the loan agreement, including the security agreement regarding defendant Armande Bardey's cooperative apartment, are to be returned to defendants upon plaintiff's receipt of the mortgage note and a recorded mortgage on the Ulster property. Inasmuch as defendants provided the mortgage and mortgage note, and thus complied with the loan agreement's only enumerated condition precedent to the return of their security agreement and documents, defendants are entitled to the return of those documents. Thus, there is no longer any valid security agreement, and without a valid security agreement there can be no security interest (*In re Modafferi*, 45 Bankr 370, 372).

Moreover, plaintiff's failure to obtain a deficiency judgment after the sale of the Ulster County property in a foreclosure action bars further action to foreclose the security interest given by defendant (RPAPL 1371 [3]; *Sanders v Palmer*, 68 NY2d 180, 181-182). Concur—Mazzarelli, J. P., Lerner, Rubin, Buckley and Friedman, JJ.